Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> SEBASTIEN RAOULT, <br><br> Defendant. | NO.   CR21-109RSL <br><br> **PROTECTIVE ORDER** |

This matter, having come before the Court on a Stipulated Motion for Entry of a Protective Order, the Court hereby enters the following order:

**PROTECTIVE ORDER**

1. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all discovery material in any format (written or electronic) that is produced by the United States in discovery in the above captioned case.

2. The "Defense Team" shall be limited to attorneys of record for the defendant and any of the following people working on this matter under the supervision of the attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting computer forensic experts, legal assistants, and administrative staff and contractors. For

purposes of this Order, the "Defense Team" does not include Defendant. Defendant's attorneys shall inform any member of the Defense Team to whom disclosure of discovery material is made of the existence and terms of this Protective Order. Members of the Defense Team shall not provide copies of any discovery material to any persons outside of the Defense Team other than the Defendant.

3. Any discovery material produced by the government shall only be used for the purpose of investigating and preparing a defense to the charges in this action, and not for any literary, commercial, or other purpose. Members of the Defense Team may review discovery material with witnesses for purposes of hearing or trial preparation. The Defense Team is aware that some of the discovery material may contain malware and other pernicious files.

4. The discovery in this case is voluminous, and includes materials and documents that may contain (1) personally identifiable information (PII); (2) "electronic contraband"; (3) "victim material"; and (4) "law enforcement sensitive" materials related to ongoing investigations.

    a. PII includes, but is not limited to, information such as such as payment card numbers, cell phone IMEI numbers, Social Security numbers, driver's license numbers, dates of birth, addresses, email addresses, mothers' maiden names, passwords, financial lines of credit numbers, bank account numbers, and personal identification numbers.

    b. "Electronic contraband" shall mean malware and surveillance files generated by the malware, other malicious scripts, account numbers and passwords, vulnerabilities, internal network information, and non-public IP addresses of servers which contain, or which there is a reasonable basis to believe contain, any of the information, files or data described above.

    c. "Victim material" shall mean information, files or data believed to be the property of third parties and/or suspected victims of criminal or unauthorized conduct or otherwise possessed by Defendant without authorization;

          d.      "Law enforcement sensitive" materials include communications, reports, and other materials that relate to ongoing investigations or ongoing matters occurring before the grand jury, in addition to statements given by any cooperating witnesses, and documents evincing any agreement to cooperate by any such witnesses.

      5.      Redacting the discovery to delete the above material would be technically difficult and extremely time-consuming and would substantially delay the disclosure of discovery to the defendant.

      6.      Discovery material designated by the government as "Sensitive Protected Material" may only be possessed by the Defense Team. The "Sensitive Protected Material" designation shall only be used to limit the distribution of discovery containing PII, electronic contraband, victim material, or law enforcement sensitive material. The Defense Team may not provide copies of Sensitive Protected Material to any other person, including Defendant. This order, however, does not prohibit the Defense Team from discussing or reviewing Sensitive Protected Material with Defendant or prospective witnesses.

      7.      Defendant may not disseminate copies of any discovery material produced by the government in this case to anyone outside of the Defense Team, nor may Defendant use any discovery material produced by the government for any purpose other than preparing a defense to the charges in this action. Accordingly, discovery material in this case that is not designated as "Sensitive Protected Material" shall be designated as "Protected Material." Defendant may have access to his own copies of Protected Material through the education department at the FDC library.

      8.      The Defense may include and discuss discovery in any filing and at any hearing in this action, as well as during trial. All "Sensitive Protected Material" that is filed with the Court in connection with any pre-trial, trial, sentencing, or other proceedings, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, unless otherwise agreed upon by the parties. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

9. The government shall designate material as "Sensitive Protected Material" or "Protected Material" by stamping or otherwise designating the material with those labels, or by providing the Defense Team with written identification of discovery materials that constitute "Sensitive Protected Material" or "Protected Material." When possible, this written identification shall include the Bates number or file name for any material being designated as "Sensitive Protected Material" or "Protected Material."

10. If the Defense Team disagrees with the designation of any material as "Sensitive Protected Material," it shall notify the government in writing of the disagreement, identify with particularly each document and file at issue, and state the basis for the challenge.

11. The Defense Team, at any time after attempting to resolve the matter by agreement with the government, may apply by motion to the Court for a ruling that information designated as "Sensitive Protected Material" is not entitled to protected treatment under this Order. Any such motion must identify with particularity each document and file at issue, and state the basis for the challenge.

12. This Protective Order shall remain in effect upon conclusion of this action, and any habeas proceeding filed within a year of the conclusion of this action, and any appeal from either. The Defense Team may thereafter return to the government or destroy, and certify the destruction of, all discovery material. In the event that the Defense Team believes that it needs to maintain the discovery for a longer period, this Protective Order shall remain in effect until the Defense Team returns, or destroys and certifies the destruction of, the discovery. The Defense Team may provide discovery to any attorney representing Defendant in a timely habeas action, provided that that attorney first enters into a Protective Order substantially-identical to this Protective Order.

13. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court.

14. Nothing in this Order should be construed as imposing any discovery obligations on the government or the Defendants that are different from those imposed by

case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

15. In the event that the government believes that certain material should be made available for inspection, but should not be actually copied and produced even to the Defense Team (for example, because it contains particularly large volumes of PII or otherwise sensitive information), the government reserves the right to request that the Defense Team agree to such an arrangement, and, if the Defense Team does not agree, to raise the issue with the Court.

DATED this 7th day of February, 2023.

*[signature]*

ROBERT S. LASNIK
United States District Judge

Presented by:

// s // Miriam R. Hinman
_____
MIRIAM R. HINMAN
Assistant United States Attorney