THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEBASTIEN RAOULT,<br><br>Defendant. | No. CR21-109-RSL<br><br>MOTION FOR TEMPORARY RELEASE TO LOCATION MONITORING FOR FAMILY VISITATION<br><br>**Oral Argument Requested**<br><br>Noted for August 11, 2023 |

Twenty-two-year-old Sebastian Raoult, through Assistant Federal Public Defenders Vanessa Pai-Thompson, Dennis Carroll, and Mukund Rathi, requests that this Court temporarily release him for seven days on location monitoring to visit his parents during their brief visit to the United States.

I. BACKGROUND

Sebastian Raoult had no criminal record or arrest history, or even an infraction in school, before this case. While being put in handcuffs for the first time is traumatic for anyone, Mr. Raoult's experience has been particularly onerous. A petite young man, even for his age, Mr. Raoult was ill-equipped for the environment that greeted him when he was arrested in Morocco in May of 2022 at age 21. Authorities at the airport detained and handcuffed him to a chair for five hours, after which a Moroccan prosecutor questioned him. He endured squalid conditions in detention for eight months—packed into an overcrowded cell with far older men, unable to sleep because of cockroaches and bed bugs that scurried across and bit his skin, eating off a plate on

MOTION FOR TEMPORARY RELEASE TO
LOCATION MONITORING FOR FAMILY
VISITATION
(*U.S. v. Raoult*, CR21-109-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

the ground in a dirty cell. Beyond the filthy conditions, Mr. Raoult was denied basic hygiene. He was allowed to shower just once a week. His toilet was a hole and, with no toilet paper available, he was forced to wash himself after with water that pooled on the ground. He never received medical care.

Mr. Raoult has been detained at Federal Detention Center SeaTac (FDC) since January 27, 2023, when he stipulated to detention at his initial appearance. Dkt. 18. He has no infractions and has not previously requested release. For these past six months, he has only been able to communicate with his parents via email. He cannot call a French phone number from the FDC. The computers with email access are in a public space in his jail unit, where it is not safe for a young, slight man to become visibly emotional. Jail staff monitor his emails and provide them to the government upon request. As a result, he has been largely unable to seek counsel and support from his parents.

To support their son, Mr. Raoult's parents have scheduled a trip to Seattle from August 22 to August 28. While they obtained FDC approval to visit Mr. Raoult, the jail's visitation restrictions make those visits insufficient. First, the FDC's visitation schedule would only allow Mr. Raoult to see his parents twice, for two hours each, during the week they are in town. Visitation is always subject to closure without notice for security or other reasons. Second, Mr. Raoult and his parents would have to sit in chairs approximately four feet apart during these "no contact" visits.

Mr. Raoult thus requests brief temporary release to location monitoring and third-party custody of his parents from August 22 to August 28.

## II.   MEMORANDUM OF LAW IN SUPPORT OF MOTION

The Court is empowered to temporarily release Mr. Raoult pursuant to 18 U.S.C. § 3142(i). Section 3142(i) states:

MOTION FOR TEMPORARY RELEASE TO LOCATION MONITORING FOR FAMILY VISITATION
(*U.S. v. Raoult*, CR21-109-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

As counsel will further address during a detention hearing, conditions of release can be imposed that would reasonably assure both Mr. Raoult's return to custody and community safety while he is temporarily on bond. This is particularly true given that the only danger Mr. Raoult is alleged to pose arises from electronic financial activity, which is easily addressed by prohibiting Mr. Raoult from accessing the internet and by his parents serving as third-party custodians, among other proposed conditions.

      Even in cases where a defendant has been convicted and sentenced, federal law recognizes that there may be compelling reasons for temporary release. *See* 28 C.F.R. 570.33(b), (d), and (e), and 18 U.S.C. § 3622(a)(5) and (6). In particular, the statute authorizing temporary furlough of a BOP prisoner for family-related reasons reflects the important interests served by granting this motion. *See* 18 U.S.C. § 3622(a)(5) and (6) (authorizing furlough, up to 30 days, "for the purpose of . . . (5) establishing or reestablishing family or community ties; or (6) engaging in any other significant activity consistent with the public interest").

      Temporarily releasing Mr. Raoult to location monitoring and his parents' custody is "necessary for preparation of [Mr. Raoult's] defense" under Section 3142(i) because it will allow him and his parents to meet with the FPD and counsel him on a course of action. He needs to decide in relatively short order whether to resolve his case or proceed to trial. Given his age, Mr. Raoult desperately wants to be able to speak openly with his parents about the weighty decision he faces. He speaks openly with counsel, but it is clear that he is struggling to make a decision while facing so much isolation. Counsel believes that spending time with his parents—to receive their counsel and comfort and to be able to talk to them without FDC guards in earshot—will help

MOTION FOR TEMPORARY RELEASE TO
LOCATION MONITORING FOR FAMILY
VISITATION
(*U.S. v. Raoult*, CR21-109-RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Mr. Raoult make a final decision about how to proceed in this case. Relatedly, temporarily releasing Mr. Raoult will also address "another compelling reason" under Section 3142(i) by allowing him to reconnect with his family and improve his mental health. *See, e.g.*, *United States v. Jackson*, No. CR22-037-RSL, Dkt. 118 (W.D. Wash. Aug. 2, 2022) (temporarily releasing "defendant [who] demonstrated a strong commitment to reunification with his daughter"); *United States v. Niemann*, 2022 WL 1321169, at *2 (D. Idaho 2022) (temporarily releasing defendant to attend funeral and finding compelling her "need for a strong support system").

If released, Mr. Raoult would be placed on location monitoring and would know that Pretrial Services could call up his location at any time. An "inclusion zone" could be set up around his parents' hotel, the FPD office, and the route of travel between the two points so that Pretrial Services would be immediately notified if he stepped even briefly out of a circumscribed zone. His parents would also agree to serve as third-party custodians—promising to notify Pretrial Services should he violate any condition of release. They are also willing to lodge their passports with the Court.[1] Mr. Raoult's passport has already been seized and is in the custody of law enforcement. With those conditions in place and with all three of their passports in custody, Mr. Raoult's return to custody as directed and community safety during his release would be reasonably assured.

The defense recommends the following conditions should the Court temporarily release Mr. Raoult for the purpose of spending time with his parents while they are in Seattle and meeting with his parents and counsel:

1. Mr. Raoult shall be released at 8:00 a.m. on August 23, 2023, to his parents' custody;

---

[1] The Federal Public Defender has confirmed with the Clerk's office that it will accept family members' passports if the Court directs them surrendered for a set period.

MOTION FOR TEMPORARY RELEASE TO LOCATION MONITORING FOR FAMILY VISITATION
(*U.S. v. Raoult*, CR21-109-RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

2. During his temporary release, Mr. Raoult shall either be at his parents' hotel, the FPD office, or in transit between the two locations;

3. Mr. Raoult should be accompanied by one or both of his parents or his defense team at all times;

4. Both of his parents shall execute third-party custodian agreements;

5. Both of his parents shall lodge their passports with the Clerk of the Court prior to Mr. Raoult's release, and their passports shall be returned to them following his return to FDC SeaTac; and

6. Mr. Raoult shall return to FDC SeaTac no later than 1:00 p.m. on August 28, 2023.

## III. CONCLUSION

Mr. Raoult is eligible to be released temporarily for the limited purpose of spending time with his parents while they are in Seattle. The conditions outlined above would reasonably assure Mr. Raoult's return to the FDC and the safety of the community during his brief release to location monitoring and his parents' custody.

DATED this 3rd day of August 2023.

Respectfully submitted,

s/ *Dennis Carroll*
s/ *Mukund Rathi*
s/ *Vanessa Pai-Thompson*
Assistant Federal Public Defenders
Attorneys for Sebastien Raoult

MOTION FOR TEMPORARY RELEASE TO LOCATION MONITORING FOR FAMILY VISITATION
(*U.S. v. Raoult*, CR21-109-RSL) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100