THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR21-109-RSL |
| Plaintiff, | EMERGENCY APPEAL FROM MAGISTRATE JUDGE'S DENIAL OF MOTION FOR TEMPORARY RELEASE |
| v. | |
| SEBASTIEN RAOULT, | Noted for: August 25, 2023 |
| Defendant. | |

Twenty-two-year-old Sebastian Raoult, through Assistant Federal Public Defenders Vanessa Pai-Thompson, Dennis Carroll, and Mukund Rathi, respectfully moves this Court to review and reverse the magistrate judge's order denying his motion for temporary release and to issue an appearance bond allowing him to visit his parents for five nights during their brief visit to the United States. 18 U.S.C. § 3145(b); Local Rule W. D. Wash. MJR 11.

## I.    PROCEDURAL HISTORY

On August 3, 2023, Mr. Raoult filed a motion for temporary release on location monitoring to his parents, as third-party custodians, during their brief visit to the United States from France. Dkt. 34. Counsel proposed that the Court release Mr. Raoult from the FDC on August 23 at 8:00 AM and return to the FDC on August 28 by 1:00PM. Mr. Raoult's parents would transport him to and from the FDC and he would always remain with them or counsel. The defense proposed that Mr. Raoult's travel be limited to his parents' hotel, the FPD office, or traveling directly between the two places.

The government opposed Mr. Raoult's motion. Dkt. 36. The defense replied. 38.

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1   On August 10, 2023, this Court referred Mr. Raoult's motion to Magistrate

2   Judge Michelle L. Peterson. Dkt. 35.

3   On August 16, 2023, Magistrate Judge Peterson held a hearing on Mr. Raoult's

4   motion. Exhibit 1 (hearing recording).[1] Defense counsel argued that releasing Mr.

5   Raoult is necessary: (1) to prepare his defense, including Mr. Raoult being able to meet

6   jointly with his parents and counsel as he faces the difficult decision of whether to plead

7   guilty or proceed to trial; and (2) for the compelling reason of his mental health and

8   reconnecting with his parents after onerous experience as a 21 year-old young man in a

9   Moroccan prison, which counsel believe will also help Mr. Raoult in his decision-

10  making. The defense proposed myriad conditions, including location monitoring, third-

11  party custodianship, and prohibiting internet access, and made clear that Mr. Raoult

12  would be amenable to any conditions the Court believed necessary. The government

13  opposed the request. After argument, Magistrate Judge Petersen denied the motion.

14  Mr. Raoult's parents executed a third-party custodian form, which counsel

15  provided to the court and parties at the detention hearing. The defense submits that form

16  here as Exhibit 2.[2]

17  The defense also incorporates by reference the full record in this case, with

18  particular emphasis on the temporary release pleadings and the hearing recording. Dkts.

19  34, 36, 38; Exh. 1. That record establishes that briefly temporarily releasing Mr. Raoult

20  is appropriate. The defense asks the Court to grant temporary release.

21  //

22  //

23

24  [1] The defense is trying to obtain a transcript of the hearing recording but does not know
     whether it will be received soon enough to be helpful. The defense will update the
25  Court and government about the transcript's status once known.
    [2] There is a scrivener's error in case number in the form. It lists the case number prefix
26  as "CR23" rather than "CR21." The remainder of the case number is correct.

EMERGENCY APPEAL FROM MAGISTRATE
JUDGE'S DENIAL OF MOTION FOR
TEMPORARY RELEASE
(*U.S. v. Raoult*, CR21-109-RSL) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

## II.   MEMORANDUM OF LAW

This Court's review of the magistrate judge's order denying Mr. Raoult's motion for temporary release is *de novo*. 18 U.S.C. §§ 3145(b)-(c); *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). Specifically, this Court must review the evidence before the magistrate judge and any additional evidence proffered by the parties "and make its own independent determination whether the magistrate's findings are correct with no deference." *Koenig*, F.2d at 1193.

Through briefing and argument at the hearing, Mr. Raoult sufficiently demonstrated that temporary release to his parents for five nights is necessary for the preparation of his defense and the compelling reason of his mental health and reconnecting with his parents. 18 U.S.C. § 3142(i).

Although the Court need not find legal error below to grant Mr. Raoult's motion, such error did occur. The magistrate judge focused on situational uniqueness compared to other accused people but the statute neither demands nor permits a "uniqueness" standard—only necessity to prepare a defense or another compelling reason, as counsel addressed in detail at the hearing. Mr. Raoult does not have to prove that his motion is uniquely meritorious compared to other hypothetical motions to prevail. The magistrate judge erred in holding him to this standard.

While uniqueness is not the correct legal standard, it bears noting that Mr. Raoult's situation is unique given his young age (21 years-old at arrest, 22 years-old now), lack of prior arrests or convictions, distance from family and inability to speak by phone,[3] harrowing experience in a Moroccan jail. Most cases are not so favorable. Indeed, even the magistrate judge noted that Mr. Raoult's situation is "somewhat

---

[3] During the hearing, the Magistrate Judge recalled having read comment in an article that the government submitted, dkt. 36-1, about the how expensive Mr. Raoult and his parents speaking by phone was. The article described his experience in Moroccan jail, not at the Federal Detention Center.

EMERGENCY APPEAL FROM MAGISTRATE
JUDGE'S DENIAL OF MOTION FOR
TEMPORARY RELEASE
(*U.S. v. Raoult*, CR21-109-RSL) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

unique." Exh. 1. It simply is not true that granting Mr. Raoult's motion would create precedent requiring the Court to temporarily release a slew of people. The factors that make it so critical for Mr. Raoult to have time with his parents at a critical juncture in his case—in particular his age, lack of any prior arrests, and inability to speak by phone or see them regularly—are not present *together* in most cases.

Mr. Raoult's motion meets the legal standard. He also proposed sufficient restrictive release conditions of his release, including location monitoring, third-party custodianship, and prohibiting internet access. His motion should have been granted.

## III.   CONCLUSION

Mr. Raoult respectfully requests that, upon review of the record on *de novo* review, the Court grant his motion and temporarily release him on location monitoring to his parents as third-party custodians for five nights.

DATED this 16th day of August 2023.

Respectfully submitted,

s/ *Mukund Rathi*
s/ *Vanessa Pai-Thompson*
s/ *Dennis Carroll*
Assistant Federal Public Defenders
Attorneys for Sebastien Raoult

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**