UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEBASTIEN RAOULT,<br><br>Defendant. | Case No. CR21-109RSL<br><br>ORDER DENYING DEFENDANT'S APPEAL FROM MAGISTRATE JUDGE'S DENIAL OF MOTION FOR TEMPORARY RELEASE |

This matter comes before the Court on defendant's "Emergency Appeal from Magistrate Judge's Denial of Motion for Temporary Release" (Dkt. # 43). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.     Background**

On June 23, 2021, defendant and two co-conspirators were charged in an indictment listing nine offenses related to their alleged hacking activities as part of the ShinyHunters hacking group. Dkt. # 1. Specifically, the indictment charges defendant with conspiracy to commit computer fraud and abuse, conspiracy to commit wire fraud, four counts of wire fraud, and three counts of aggravated identity theft. *Id.* Defendant was arrested on these charges in Morocco in May 2022 and subsequently extradited to the United States. *See* Dkt. # 34 at 1; Dkt. # 36 at 5.

ORDER DENYING DEFENDANT'S APPEAL FROM
MAGISTRATE JUDGE'S DENIAL OF MOTION
FOR TEMPORARY RELEASE - 1

On January 27, 2023, defendant was ordered detained in the United States following a detention hearing conducted pursuant to 18 U.S.C. § 3142(f).[1] *See* Dkt. # 21. Addressing defendant's risk of flight, the court found defendant presented a high flight risk given he "is a citizen of France, fought extradition to the United States, has no known ties to the United States, and was not interviewed by Pretrial Services, so very little is known about [him]." Dkt. # 21 at 1-2. The court also found that defendant poses "a danger to the community given the nature of the allegations contained in the Indictment." *Id.* at 2.

On August 3, 2023, defendant filed a motion seeking temporary release pursuant to 18 U.S.C. § 3142(i). Dkt. # 34. Specifically, defendant sought temporary release to location monitoring and third-party custody of his parents from August 22 to August 28, during his parents' visit to Seattle from France. *Id.* at 2. Defendant argued that temporary release was both necessary for the preparation of his defense and to allow him to reconnect with his family and improve his mental health. *Id.* at 3-4. The government opposed the motion on the basis that defendant had not demonstrated that his temporary release was necessary for the preparation of his defense or for another compelling reason, and because defendant would "pose both a great risk of flight and a financial danger if he were released." Dkt. # 36 at 2.

On August 16, 2023, a hearing on the motion was held before United States Magistrate Judge Michelle Peterson. *See* Dkt. # 42. After hearing both parties' arguments on the motion, Judge Peterson denied defendant's motion for temporary release. *Id.* Defendant now appeals that denial. *See* Dkt. # 43.

**II.     Analysis**

This Court's review of the magistrate judge's order denying defendant's motion for temporary release is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990).

A judicial officer may temporarily release someone in custody "to the extent the judicial officer determines such release to be necessary for preparation of [defendant's] defense, or for

---

[1] The Court notes that defendant stipulated to detention at this hearing. *See* Dkt. # 18.

ORDER DENYING DEFENDANT'S APPEAL FROM
MAGISTRATE JUDGE'S DENIAL OF MOTION
FOR TEMPORARY RELEASE - 2

another compelling reason." 18 U.S.C. § 3142(i). In the absence of Ninth Circuit precedent, the Court adopts a test promulgated by a fellow district court and considers: "(1) the original grounds for a defendant's pretrial detention; (2) the strength of the defendant's interest in the requested furlough; and (3) whether the proposed release plan strikes an appropriate balance among these considerations." *United States v. Aziz*, No. CR21-0118JLR, 2021 WL 5514432, at *1 (W.D. Wash. Nov. 24, 2021).

Looking first to the "original grounds for . . . defendant's pretrial detention," the Court initially notes that defendant recently participated in an interview with Pretrial Services, *see* Dkt. # 41, thus mitigating concerns associated with his initial refusal to engage with the Court through Pretrial Services. Additionally, while the fact that defendant "fought extradition" to the United States was acknowledged as a reason for defendant's pretrial detention at his original detention hearing, the Court agrees with the statements made by Judge Peterson at the temporary release hearing, *see* Dkt. # 44 at 35:51-36:23, and will not penalize defendant or his parents for legally advocating on his behalf during the extradition process. However, defendant's lack of ties to the United States, French citizenship, and experience procuring and using fake identification documents all continue to support the Court's prior conclusion that defendant presents a risk of flight. Additionally, defendant continues to pose "a [financial] danger to the community given the nature of the allegations contained in the Indictment." Dkt. # 21 at 2.

Turning second to defendant's interest in the requested temporary release, the Court is sympathetic to defendant's desire to spend time with his parents – whom he has only been able to communicate with via email for the past six months, *see* Dkt. # 34 at 2 – and have the opportunity to speak freely about the serious charges facing him. Defense counsel argues that temporary release:

> is necessary: (1) to prepare his defense, including Mr. Raoult being able to meet jointly with his parents and counsel as he faces the difficult decision of whether to plead guilty or proceed to trial; and (2) for the compelling reason of his mental health and reconnecting with his parents after onerous

ORDER DENYING DEFENDANT'S APPEAL FROM
MAGISTRATE JUDGE'S DENIAL OF MOTION
FOR TEMPORARY RELEASE - 3

experience as a 21 year-old young man in a Moroccan prison, which counsel believe will also help Mr. Raoult in his decisionmaking.

Dkt. # 43 at 2. However, as noted in the hearing before Judge Peterson, even if defendant is not permitted temporary release by the Court, he will still have an opportunity to see and speak with his parents at FDC SeaTac. Dkt. # 44 at 6:54-7:09. Indeed, FDC SeaTac has made special arrangements for defendant, permitting him 12 hours of visitation time with his parents over the six days that they are in Seattle (versus the standard four hours that would normally be available during that time period). *Id.*; *see also* Dkt. # 45 at 5 (noting that FDC SeaTac is permitting defendant's parents to visit him on four of the six full days they will be in Seattle). Further, while Judge Peterson acknowledged that the visitation setting at FDC SeaTac may not be conducive to the serious, emotionally charged conversations defendant seeks to have with his parents and counsel, the government has recently informed the Court that "FDC has confirmed that Raoult can have those private joint meetings [with his parents and his attorneys] in the legal visitation rooms at the FDC." Dkt. # 45 at 2.

The Court understands why defense counsel has made the request for temporary release and is sympathetic to Mr. Raoult given the undoubtedly challenging situation he faces as a young man navigating an unfamiliar justice system in a foreign country. However, it concludes that the proposed release plan does not strike an appropriate balance between the original grounds for detention and defendant's interest in the requested furlough. The Court is concerned that the proposed release plan is insufficiently tailored to mitigate concerns that defendant could be a flight risk or a financial danger to the community, given defendant's previous experience obtaining fake identification documents and his advanced computer skills. In light of the accommodations that FDC SeaTac has made, which will allow defendant to spend several hours with both his parents and his attorneys in a private meeting space, the Court finds that defendant has failed to demonstrate a compelling reason for his release to his parents' custody and location monitoring for five nights. The Court thus finds that the reasons for Mr. Raoult's original

ORDER DENYING DEFENDANT'S APPEAL FROM
MAGISTRATE JUDGE'S DENIAL OF MOTION
FOR TEMPORARY RELEASE - 4

detention outweigh his interest in his requested temporary release, in light of his release proposal.

**III.     Conclusion**

For all the foregoing reasons, defendant's "Emergency Appeal from Magistrate Judge's Denial of Motion for Temporary Release" (Dkt. # 43) is DENIED and Judge Peterson's decision denying that motion (Dkt. # 42) is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of August, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S APPEAL FROM
MAGISTRATE JUDGE'S DENIAL OF MOTION
FOR TEMPORARY RELEASE - 5